BRYAN J. MCCORMACK (SBN 192418)
*bryan@mcelawfirm.com*
**MCCORMACK & ERLICH, LLP**
150 Post Street, Suite 742
San Francisco, CA 94108
Telephone: (415) 296-8420
Facsimile: (415) 296-8552

Attorneys for Plaintiff
JAMES HERNANDEZ

ROGER M. MANSUKHANI (SBN: 164463)
rmansukhani@grsm.com
CRAIG D. NICKERSON (SBN: 215067)
cnickerson@grsm.com
MARSHALL R. LURTZ (SBN: 296254)
mlurtz@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5092
Facsimile: (213) 680-4470

Attorneys for Defendant
BAKER CONCRETE CONSTRUCTION, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HERNANDEZ<br><br>Plaintiff,<br><br>v.<br><br>BAKER CONCRETE CONSTRUCTION, INC., a Ohio Corporation,<br><br>Defendants. | CASE NO.: 4:18-cv-03226-HSG<br><br>*Assigned to Hon. Judge Haywood S. Gilliam, Jr.*<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT, RULE 26(f) REPORT & [PROPOSED] ORDER**<br><br>Date: August 28, 2018<br>Time: 2:00 p.m.<br><br>Complaint Filed: May 30, 2018 |

1
INITIAL JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
Case No. 4:18-cv-03226-HSG

The parties, James Hernandez ("Plaintiff") and Baker Concrete Construction, Inc. ("Defendant" or "Baker"), submit this Updated Joint Case Management Statement pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9(a), and the Standing Order for All Judges of the Northern District of California.

**(a)     Jurisdiction and Service:** The parties assert jurisdiction is predicated upon 28 U.S.C. sections, 1331, 1332, 1441 and 1446. The parties assert venue in the U.S. District Court, Northern District of California under 28 U.S.C. sections 84(c)(2), 1391 (a), 1441(a). Baker Concrete Construction is a registered Ohio Corporation doing some business in California, where Plaintiff was employed. There are no issues regarding personal jurisdiction or venue, The parties do not anticipate any venue change. All parties have been served.

**(b)     Facts:**

Plaintiff's Statement:

On April 11, 2016, Defendant Baker Concrete Construction ("Baker) hired Plaintiff James Hernandez as a Project Superintendent in its Phoenix, Arizona facility.  Mr. Hernandez successfully performed his job duties with Baker and received frequent praise from his managers about his performance.

In January 2017, Baker hired Mr. Hernandez's twenty-four year old daughter, Caitlin Hernandez, as an intern.  Shortly thereafter, Baker General Superintendent Jay Allen began sexually harassing Ms. Hernandez.  Ms. Hernandez rejected Mr. Allen's sexual advances and complained to Baker management about the harassment.  Baker took no action in response to her complaints.

In July 2017, Baker transferred Mr. Hernandez to its Calistoga, California facility to run the new Four Seasons project.  Baker provided Mr. Hernandez with a pay raise and bonus as part of the transfer.  Mr. Allen continued to sexually harass and discriminate against female workers in the Calistoga facility.  So, on November

2, 2017, Mr. Hernandez complained to a human resources manager about Mr. Allen's discriminatory and harassing conduct.

On November 6, 2017, which was the next business day that Mr. Hernandez worked, Mr. Allen terminated Mr. Hernandez's employment. Mr. Allen refused to give him a reason for the termination. At that time, Mr. Hernandez had never received a negative performance review or written criticism of his performance. Shortly after Mr. Hernandez obtained a new job on the same jobsite, Baker contacted Hernandez's new employer and requested that they terminate his employment. A short time later, Baker called Mr. Hernandez's new employer and again requested that they fire Mr. Hernandez.

Defendant's Statement:

Defendant has not completed a factual investigation into all of the events and allegations in the Complaint. Although Defendant makes a good faith effort herein to supply the factual information currently known to it, Defendant reserves the right to amend, modify or supplement their factual statement in this case and to assert additional facts in connection with the defense of this matter.

Defendant Baker Concrete Construction, Inc. denies all allegations and causes of action in Plaintiff's Complaint. Defendant strictly and proactively forbids all forms of discrimination and harassment including sex and gender discrimination and harassment, against any person for any reason, including in terms of conditions, and/or privileges of employment. Defendant contends that on April 11, 2016 Baker Concrete Construction hired James Hernandez as a Superintendent in its Phoenix, Arizona facility. In January 2017, Baker Concrete Construction hired Mr. Hernandez's daughter as an intern. Baker Concrete Construction transferred Mr. Hernandez to Calistoga, CA to work on a new jobsite, where he worked with Mr. Allen. On November 6, 2017, Mr. Hernandez was told he was terminated; which was based on valid, lawful, and non-discriminatory reasons. Plaintiff filed his Complaint in the United States District Court in the Northern District of California

on May 30, 2018. Defendant does not believe any issues can be narrowed to expedite this process at this time.

  **(c)**   **Legal issues:**

The instant list is not exhaustive as discovery has not yet commenced. At the current juncture however, the parties anticipate the following legal issues:

1. Whether the Plaintiff can prove a prima facie case of retaliation;
2. Whether Plaintiff can prove that the reasons for his termination were merely a pretext for retaliation;
3. Whether Plaintiff can prove that he engaged in a protected activity and whether there is a causal nexus between that protected activity and his termination;
4. Whether the Plaintiff can prove a prima facie case of failure to prevent discrimination and harassment in violation of FEHA;
5. Whether Plaintiff can prove a prima facie case of intentional interference with a prospective business advantage;
6. Whether Plaintiff can prove a prima facie case of negligent interference with a prospective business advantage.

  **(d)**   **Motions:**

Defendant contends there are no prior or pending motions at this time. Defendant anticipates filing a motion for summary judgment and/or summary adjudication as well as any discovery motion that may become necessary during the discovery phase of this litigation.

  **(e)**   **Amendment of Pleadings:**

Defendant does not anticipate any amendments, but reserves the right to amend its responsive pleading in response to any amended pleadings by Plaintiff.

  **(f)**   **Evidence Preservation:**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirms the parties

INITIAL JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
Case No. 4:18-cv-03226-HSG

have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps needed to preserve evidence relevant to the issues reasonably evident in this action.

**(g)    Disclosures:**

The parties initial their Rule 26(f) conference on August 7, 2018. The parties have agreed to exchange Initial Disclosures on August 21, 2018.

**(h)    Discovery:**

Plaintiff's Position:

Plaintiff has propounded document demands and interrogatories and intends on serving additional discovery, including requests for admission, interrogatories, and document production requests. Plaintiffs intends on deposing Jay Allen, Brian Butts, and other managers, as well as other current and former employees of Baker, persons most knowledgeable, and well as third party witnesses. Plaintiff believes a discovery cut-off date is premature at this time.

Defendant's Position:

Defendant contends that a discovery cut-off date is premature until such time as a trial date is set. Defendant plans to propound written discovery and take Plaintiff's deposition for the purpose of filing a dispositive motion. Given the number of claims and fact-intensive nature of the allegations asserted, Defendant anticipates needing two days (14 hours total) to properly examine Plaintiff.

**(i)    Class Action:**

Not Applicable.

**(j)    Related Cases:**

None.

**(k)    Relief:**

Plaintiff's Position:

Plaintiff seeks compensatory damages, general damages, punitive damages, attorney fees and costs, as well as injunctive relief.

5
INITIAL JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
Case No. 4:18-cv-03226-HSG

Defendant's Position:

Defendant denies that Plaintiff is entitled to any damages.

**(l)** **Settlement and ADR:**

The parties have agreed to early private mediation. Setting a deadline with respect to mediation will assist the parties in moving this matter toward resolution. The parties respectfully submit that any mediation should be completed within 120 days from the August 28, 2018 Case Management Conference.

**(m)** **Consent to Magistrate Judge for All Purposes:**

The parties have not consented to Magistrate Judge jurisdiction for all purposes.

**(n)** **Other References:**

The parties do not believe this case is suitable for other references.

**(o)** **Narrowing of Issues:**

The parties have not stipulated to the narrowing of any issues. This may be possible after the parties have had an opportunity to conduct further discovery.

**(p)** **Expedited Trial Procedure:**

The parties do not believe that an expedited schedule is appropriate in this case.

**(q)** **Scheduling**

Given the parties' intent to participate in early private mediation, they respectfully submit that it is premature to set deadlines at this stage. Rather, the parties ask that the Court set a deadline for the early mediation to be completed along with a date for a subsequent Case Management Conference to be set shortly after mediation to report on the mediation's outcome.

**(r)** **Trial**

The Parties agree that trial scheduling should be postponed for now. *See* Section Q, *supra*.

(s) **Disclosure of Non-Party Interested Entities of Persons**

The parties will file the Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.

(t) **Professional Conduct**

The parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

(u) **Other issues:**

At this time, the parties do not anticipate any other issues.

Pursuant to Local Rule 5-1, the filer of this document attests that concurrence in the filing of the same has been obtained from each of the other signatories.

Dated: August 21, 2018         GORDON REES SCULLY MANSUKHANI

                               By: _____
                                   Roger M. Mansukhani
                                   Craig D. Nickerson
                                   Marshall R. Lurtz
                                   Attorneys for Defendant
                                   Baker Concrete Construction, Inc.


Dated: August 21, 2018         McCormack and Erlich. LLP

                               By: _____
                                   Bryan J. McCormack
                                   Attorneys for Plaintiff
                                   James Hernandez

---

7

INITIAL JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
Case No. 3:18-cv-03226-HSG

## CASE MANAGEMENT ORDER

The above INTIAL JOINT CASE MANAGEMENT STATEMENT, RULE 28(f) REPORT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

Hon. Judge Haywood S Gilliam, Jr